# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LUCINDA MURDOCK,

    *Plaintiff*,

vs.

CITY OF WICHITA, KANSAS,

    *Defendant.*

Case No. 09-2103-EFM

## MEMORANDUM AND ORDER

In this case, Plaintiff, Lucinda Murdock, proceeding *pro se*, is suing Defendant, City of Wichita, for various forms of employment discrimination. Before the Court is Defendant's Motion to Dismiss (Doc. 24). For the following reasons, Defendant's motion is hereby granted. Plaintiff is granted leave to file an amended complaint within 30 days from the date of entry of this order. If Plaintiff does not file an amended complaint by that date, this action will be dismissed.

### I. Background/Facts

Lucinda Murdock is an African-American female and a Christian. She was employed by the City of Wichita from May 2, 2000, until she was terminated on April 3, 2007. Ms. Murdock alleges that during her employment with Defendant, she was discriminated against on the basis of her race,

1

sex, age, color, and religion. She further alleges that she was retaliated against for complaining about the alleged discriminatory treatment and sexually harassed.

Following her termination, Ms. Murdock filed an administrative charge with the Equal Employment Opporutnity Commission ("EEOC") on September 18, 2007. On June 18, 2008, Ms. Murdock filed an amended charge with the EEOC and the Kansas Human Rights Commission ("KHRC").[1] In her amended charge, she claimed that she was discriminated against on the basis of her race, color, sex, and religion. She also claimed that she was sexually harassed and retaliated against for complaining about being discriminated against based on her race and sex. She stated that the alleged discrimination took place between December 31, 2000 and April 3, 2007. The EEOC reviewed Ms. Murdock's charge and later issued her a right to sue letter on December 4, 2008.[2]

After receiving her right to sue letter, on March 2, 2009, Ms. Murdock, proceeding *pro se*, filed both a civil complaint and an employment discrimination complaint in this Court. In her employment discrimination complaint, Ms. Murdock lists February 15, 2007 as the date that the alleged discrimination occurred. She further asserts that her lawsuit arises under Title VII and that she was discriminated against based on her race, sex, color, and religion. Ms. Murdock also sets forth retaliation, sexual harassment, and wrongful termination claims. In her civil complaint, Ms. Murdock also alleges that she was discriminated against based on her age.

In support of her claims, Ms. Murdock sets forth various facts. She specifically states that she was treated differently from day one, given more work, harassed daily, had stipulations that no one else had, threatened with violence, had false reports in her file, and had pay taken away. She

---

[1]Ms. Murdock attached the amended charge to her complaint.

[2]This letter notified Ms. Murdock that she had a right to sue under Title VII.

also claims that she was harassed sexually and was finally terminated after complaining about the "unequal treatment." Additionally, Ms. Murdock attaches a list of numbered statements to her complaints. In this numbered list, she claims that two degrading comments were made to her: "You People dammit Cindy" and "Do you want me to slap the hell out of you?" She also claims that she was yelled at and confronted in a lounge in front of others.

On May 5, 2009, Defendant filed a motion to dismiss, seeking to dismiss Plaintiff's action on the following grounds: lack of subject matter jurisdiction and failure to state a claim. Plaintiff filed a response, however, it was not responsive to the arguments made in Defendant's motion.

## II. Legal Standards

**Rule 12(b)(1), Subject Matter Jurisdiction Standard**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[3] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[4] The plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[5] Mere allegations of jurisdiction are not enough.[6] Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[7] The law imposes

---

[3] 28 U.S.C. § 1331 (2009).

[4] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[5] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[6] *Id.* at 798.

[7] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

3

a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.

**Rule 12(b)(6) Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[8] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[9] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10] In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[11] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[12] Allegations that merely state legal conclusions, however, need not be accepted as true.[13]

---

[8] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[11] *Iqbal*, 129 S. Ct. at 1950.

[12] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[13] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Pro Se* **Plaintiff Standard**

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[14] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[15] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[16]

### III. Analysis

**Subject Matter Jurisdiction Over Title VII Claims**

Defendant seeks to dismiss Plaintiff's claims under 12(b)(1) for lack of subject matter jurisdiction. An objection to subject matter jurisdiction can be made at any stage in the litigation.[17] In this case, Plaintiff asserts claims arising under Title VII of the Civil Rights Act, a federal law that creates a private cause of action. Thus, federal question jurisdiction exists. Defendant contends, however, that this Court lacks jurisdiction because Plaintiff did not file a timely charge with the EEOC. Under Title VII of the Civil Rights Act, a person must file a charge with the EEOC within either 180 days or 300 days after the latest unlawful employment practice has occurred. In a deferral state such as Kansas, a Title VII claimant must file their discrimination charge with the appropriate state or local agency, or the EEOC within 300 days of the alleged unlawful act.[18] According to Ms.

---

[14]*Id.*

[15]*Id.*

[16]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[17]*Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

[18]*Hernandez v. Data Sys. Intern., Inc.,* 266 F. Supp. 2d 1285, 1295 (D. Kan. 2003).

Murdock's employment discrimination complaint, the alleged discrimination occurred on February 15, 2007. She filed her initial EEOC charge on September 18, 2007.[19] As a result, Plaintiff timely filed her charge. Nevertheless, even if Ms. Murdock's charge with the EEOC had not been timely, this fact would not deprive the court of its jurisdiction because the issue of whether a charge is timely filed is not a jurisdictional requirement.[20]

**Sufficiency of Plaintiffs' Title VII Claims**

Defendant next seeks to dismiss Plaintiff's claims under 12(b)(6) for failure to state a claim.[21] Specifically, Defendant claims that Plaintiff's Title VII claims should be dismissed because they lack sufficient factual detail.

*Race/Color, Sex, & Religion Discrimination Claims*

A discrimination claim under Title VII arises if an employer "fails or refuses to hire or discharges any individual, or otherwise discriminates against any other individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[22] To state a *prima facia* case for discrimination under Title VII, a plaintiff must show that: (1) they were a member of a protected class; (2) they suffered an adverse employment action; and (3) the alleged action took place under circumstances giving rise

---

[19]It appears that Defendants are laboring under the erroneous belief that Plaintiff's amended charge of discrimination, which was filed on June 18, 2008, was the first charge filed.

[20]*Jones v. Runyon,* 91 F.3d 1398, 1399 n.1 (10th Cir. 1996).

[21]Defendant did not ask this Court to dismiss Plaintiff's Title VII sex discrimination claim in its motion. Nevertheless, despite this failure, the Court may dismiss the claim *sue sponte* if it finds that the claim could not prevail on the facts alleged. *See Moll v. Carter*, 179 F.R.D. 609, 610 (D. Kan. 1998).

[22]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (quoting 42 U.S.C. § 2000e-2(a)).

6

to an inference of discrimination.[23] Here, Plaintiff alleges that she was discriminated against on the basis of her race/color, sex, and religion.

Before proceeding to the merits of Plaintiff's claims, the Court pauses briefly to discuss some of the various approaches that courts have adopted since *Bell Atlantic Corp. v. Twombley*[24] in deciding motions to dismiss made in employment discrimination cases. At least one circuit, the Seventh Circuit, has stated that "a plaintiff alleging employment discrimination on the basis of race, sex, or some other factor may allege the defendant's intent quite generally."[25] Apparently, in that circuit, all a complaint has to say is "I was turned down for a job because of my race."[26] Other courts have adopted a more stringent standard. In a race discrimination case, the District Court of Maryland dismissed a complaint where the plaintiff claimed that she was terminated due to her race and in support of her claim plead that she was an African-American employee who had a criminal record and was terminated while other employees with criminal records and of different races were not.[27] The court dismissed the complaint because it found that the plaintiff had failed to sufficiently plead that similarly situated employees received more favorable treatment than her.[28] Specifically, the court noted that the plaintiff's pleading was insufficient because she did not allege that she was employed in a similar capacity, had a comparable criminal history, or when and in what manner her

---

[23]*Turner v. Public Serv. Co. of Colo.,* 563 F.3d 1136, 1145 (10th Cir. 2007).

[24]550 U.S. 544.

[25]*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007).

[26]*Id.*

[27]*Deloatch v. Harford County Bd. of Educ.*, 2010 WL 1956804, at *1 (D. Md. May 14, 2010).

[28]*Id.* at *2.

employment was terminated.[29]  Similarly in *Depayan v. Wend-Rockies*, Inc.[30], the District Court of Colorado granted the defendant's 12(b)(6) motion because it found that the plaintiff had failed to plead sufficient facts in support of her national origin discrimination claim.[31]  There, the plaintiff alleged that she was treated less favorably than her co-workers, but failed to allege that her co-workers were of a different national origin than her.[32]

After reviewing *Twombly* and its progeny, the Court disagrees with the view that a plaintiff's statement that they were discriminated against is sufficient, by itself, to survive a 12(b)(6) motion.  The plaintiff must plead facts and these facts must be enough to raise a right to relief above the speculative level.[33]  Here, even construing Plaintiff's complaint liberally, which the court must do because Plaintiff is proceeding *pro se*,[34] the Court finds that Plaintiff's complaint does not show that she is entitled to relief on her Title VII discrimination claims.  Plaintiff simply has not made enough factual allegations to make her discrimination claims facially plausible.  While it is true that Plaintiff has plead that she was treated differently, given more work, harassed daily, threatened with violence, and passed over for positions, she has not tied these factual allegations back to her membership in a protected class.  She has not pled any facts that would lead this Court to believe that the adverse treatment she suffered was attributable to her membership in a protected class.  As a consequence, these factual allegations do not allow the Court to infer more than the mere

---

[29]*Id.*

[30]2008 WL 2168780 (D. Colo. May 21, 2008).

[31]*Id.* at *4.

[32]*Id.*

[33]*Twombley,* 550 U.S. at 555.

[34]*Hall*, 935 F.2d at 1110.

possibility that Plaintiff was treated differently because of her race, religion, or sex.[35] As for the comment "You People Dammit Cindy," it too is insufficient to push Plaintiff's discrimination claims across the line between possibility and plausibility. Plaintiff has provided no context for this statement. It is not clear when it was made or even who made it. Therefore, for the foregoing reasons, the Court finds that Plaintiff's race, sex, and religion discrimination claims should be dismissed.

### *Retaliation Claim*

Defendant next seeks to dismiss Plaintiff's Title VII retaliation claim. The relevant portion of Title VII relating to a retaliation claim states that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice."[36] To state a *prima facie* retaliation claim, a plaintiff must plead sufficient facts that show: (1) they participated in a protected activity; (2) the defendant took an employment action disadvantaging them; and (3) there was a casual connection between the protected activity and the adverse action.[37] A plaintiff engages in a protected activity under Title VII when they either (1) oppose any practice made an unlawful employment practice or (2) make a charge, testify, assist, or participate in any manner in an investigation or proceeding.[38]

In *Enadeghe v. Ryla Teleservices, Inc.*[39], the District Court of the Northern District of Georgia had to determine whether a *pro se* plaintiff had sufficiently plead their Title VII retaliation

---

[35] *See French v. Am. Airlines*, 2009 WL 1578288, at *3 (D. Utah June 2, 2009).

[36] 42 U.S.C. § 2000e-3(a).

[37] *Antonio v. Sygma Network, Inc.,* 458 F.3d 1177, 1181 (10th Cir. 2006).

[38] *Enadeghe v. Ryla Teleservices, Inc.,* 2010 WL 481210, at *8 (N.D. Ga. Feb. 3, 2010).

[39] 2010 WL 481210.

9

claim to survive the defendant's motion to dismiss. There, the plaintiff alleged that she had complained about her colleagues touching her back and making noise, and as a result of these complaints, the company discharged her.[40] She failed to state, though, who made the decision to terminate her and that this person was aware that she had complained of discriminatory treatment.[41] Finding that in the absence of such facts that the plaintiff's factual allegations were insufficient to establish a casual connection between her complaints and her termination, the court granted the defendant's 12(b)(6) motion.[42]

Similarly, after reviewing Plaintiff's complaint, the Court finds that it lacks sufficient factual detail to make Plaintiff's retaliation claim plausible. In her amended charge, Plaintiff only states that she complained of the race and sex discrimination that she was allegedly facing and that she was discharged. Plaintiff does not plead to whom she complained to or when, in proximity to the adverse employment action, she complained of the discrimination. Without such information, the Court finds that Plaintiff has failed to plead sufficient facts to establish a casual connection between her complaints and her termination.

### *Wrongful Termination Claim*

Plaintiff also asserts a wrongful termination claim. It is not entirely clear what the basis is for this claim. To the extent this claim is premised on Plaintiff's race, religion, sex, or alleged retaliation, it must be dismissed because Title VII provides an adequate remedy.[43] To the extent that

---

[40]*Id.* at *9.

[41]*Id.*

[42]*Id.*

[43]*Adams v. Gardner Constr. Group*, 2008 WL 1767085, at *1 (W.D. Okla. Apr. 16, 2008).

it is based on some other ground,[44] it should also be dismissed because Plaintiff has not alleged facts that would support a wrongful termination claim on other grounds. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's wrongful termination claim.

*Sexual Harassment Claim*

Defendant also seeks to dismiss Plaintiff's sexual harassment claim. There are two types of sexual harassment claims under Title VII, quid pro quo sexual harassment and hostile work environment sexual harassment.[45] Quid pro quo sexual harassment occurs when submission to sexual conduct is made a condition of concrete employment benefits.[46] Alternatively, hostile work environment sexual harassment arises when sexual conduct "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."[47] For hostile work environment sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the employment and create an abusive working environment.[48]

In her complaint, Plaintiff only alleges that she was harassed sexually. She does not provide any further factual details, such as she was touched inappropriately, inappropriate comments were made, sexual advances were made, or that sexual innuendos were made. As a result, the court dismisses Plaintiff's sexual harassment claim under Title VII.

---

[44]*See Hughes v. Keath*, 328 F. Supp. 2d 1161, 1163-65 (D. Kan. 2004) (discussing some of the grounds that a wrongful termination claim can be based on).

[45]*Hicks v. Gates Rubber, Co.,* 833 F.2d 1406, 1413 (10th Cir. 1987).

[46]*Id.*

[47]*Id.*

[48]*Id.*

*Age Discrimination Claim*

Plaintiff also appears to state a claim of age discrimination under Title VII. Age is not a protected class under Title VII. As a consequence, a Title VII claim based on age is not cognizable. Age is protected, however, under the Age Discrimination Employment Act ("ADEA").[49] In order to file an ADEA claim, a plaintiff must exhaust his or her administrative remedies.[50] This is a jurisdictional perquisite, not merely a condition precedent to suit.[51]

Based on the amended charge form, the right to sue letter, and Plaintiff's complaints, it does not appear that Plaintiff has made any age discrimination claim with the EEOC. As a result, it appears that the Court lacks subject matter jurisdiction over this claim. Assuming, for the moment that Plaintiff did exhaust her administrative remedies, this claim would still fail for the reasons her discrimination claims under Title VII do: there is no factual link between the facts alleged and her membership in a protected class.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 24) is hereby GRANTED. Plaintiff is granted leave to file an amended complaint within 30 days from the date of entry of this order. If Plaintiff does not file an amended complaint by that date, this action will be dismissed.

---

[49]*See Shikles v. Sprint/United Mgmt.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[50]*Id.*

[51]*Id.*

**IT IS SO ORDERED.**

Dated this 10th day of June, 2010, in Wichita, Kansas.

    /s  Eric F. Melgren
   ERIC F. MELGREN
   UNITED STATES DISTRICT JUDGE